CASE 33—PETITION ORDINARY—JULY 1.

# Watts vs. Cook, &c.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

In the indemnifying bond to the officer, the undertaking to pay *to any claim-ant thereof the damages* he may sustain in consequence of the seizure or sale of the property levied on by the officer, as required and pro-vided for in *section 709 of the Civil Code, embraces all legal or equitable claimants* whose rights might otherwise be jeoparded by the wrongful seizure or sale of the property under execution; and a right of action is given to all such claimants by *section 711, Civil Code.*

J. M. BIGGER,                                              For Appellant.

E. I. BULLOCK,                                            For Appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Whether or not the court correctly decided, in sus-taining the demurrer of the defendant to the plaintiffs' petition, is the only question to be determined on this appeal.

The petition sets forth that G. W. Josse & Co. were indebted to the plaintiffs in more than two thousand two hundred and seventy dollars, for a balance of the rent of a rolling mill in the city of Paducah, for which, as had already been adjudged in certain suits exhibited, the appellants were vested with a paramount and exclusive lien by the law regulating the relations of "landlord and tenant," upon certain property of Josse & Co., in-cluding two slaves named Clint and Tom, and by virtue of the levy of distress warrants and attachments for said rent theretofore sued out by them; and that the appellees, H. C. Cook and William Grief, caused the

sheriff to levy various executions on said slaves, while the same were so levied upon and subject to said lien of the appellants; and, in order to cause the sheriff to make sale of said property, said Cook and Grief, as principals, and F. Grief, S. Glauber, and J. M. Bigger, as their sureties, executed to the sheriff an indemnifying bond, stipulating, among other things, that they would pay to any claimant of the slaves the damage he might sustain in consequence of the said seizure and the sale of the slaves under said executions; and that the sheriff thereafter sold the slaves under the executions, realizing thereon by the sale two thousand two hundred and seventy dollars. The bond and executions, as well as the distress warrants and attachments, were exhibited.

The sufficiency of the petition seems to us to depend entirely on the inquiry whether the appellants were, in virtue of their levy and lien on the slaves, *claimants* thereof within the meaning of the bond and law authorizing its execution.

The *Civil Code of Practice, section* 709, provides, that "if an officer who levies, or is required to levy, an execution upon personal property, doubts whether it is subject to the execution, he may give to the plaintiff therein, or his agent or attorney, notice that an indemnifying bond is required. Bond may thereupon be given by or for the plaintiff, with one or more sufficient sureties, to be approved by the officer, to the effect that the obligors therein will indemnify him against the damages which he may sustain in consequence of the seizure or sale of the property, and will pay *to any claimant thereof* the damages he may sustain in consequence of the seizure or sale," &c.

And, by *section* 711, a right of action is given to any "such claimant" on the bond.

Watts vs. Cook, &c.

It is insisted for the appellees, with much plausibility, that the provisions of the Code we have referred to were not intended to secure the rights of mere lien-holders or equitable claimants, and should be construed to apply only to ordinary owners of property wrongfully taken under execution, whose remedy, before the adoption of the Code, was to sue the officer or purchaser in trover, trespass, or replevin. But such is not our construction of the law. On the contrary, we think the enactments referred to were intended to embrace all legal or equitable claimants whose rights might otherwise be jeoparded by the wrongful seizure or sale of property under execution.

We are therefore of the opinion that the facts stated in the petition constitute a cause of action, and the court erred in sustaining the demurrer thereto.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.